**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**ANNETTE KWOK, on Behalf of Herself and All Others Similarly Situated,**

**Plaintiffs,**

**v.**

**US AIRWAYS GROUP, INC. and US AIRWAYS, INC.,**

**Defendants.**

**Case No. 13 C 2068**

**Hon. Harry D. Leinenweber**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint. For the reasons stated herein, the Motion is denied.

## I. BACKGROUND

Plaintiff Annette Kwok (hereinafter, "Kwok" or "Plaintiff"), on behalf of herself and others similarly situated, filed a Complaint against Defendants US Airways Group, Inc. and US Airways, Inc. (collectively, "US Airways" or "Defendants") alleging breach of contract. In her Complaint, Kwok claims to be a member of Defendants' Dividend Miles Frequent Flier Rewards Program ("the Program"). She alleges that when she enrolled in the Program in 2007, her enrollment established a contract with Defendants. Kwok contends Defendants breached this contract by awarding fewer frequent flier miles than the terms of the contract provided. Her proposed class seeks to include, "[a]ll current and former members

of US Airways' Dividend Miles Program, who were awarded less miles than they actually flew on qualifying flights." Compl. ¶ 33.

To support her breach of contract claim, Kwok relies upon specific language in the Dividend Miles Membership Guide ("the Guide"). The Guide outlines the terms and conditions of the Dividend Miles Program and is available online. Potential Dividend Mileage Members have the opportunity to review the Guide prior to enrolling in the Program.

Kwok alleges that the Guide is ambiguous with respect to how frequent flier miles are calculated. She contends that one section states that miles are calculated "based upon the distance from origin to final destination for direct flights[,]" but a different section provides that ". . . [t]he number of Preferred-qualifying miles you'll earn is based on actual miles, or actual segments flown on qualifying paid tickets, whichever is greater." Compl. ¶¶ 2,3. Kwok believes the latter interpretation controls. She states that Defendants breached the contract by failing to award her and other Dividend Miles Members frequent flier miles for their actual miles flown.

On May 23, 2013, Defendants filed a Motion to Dismiss. In their Motion, they argue that the Complaint must be dismissed because the Guide's unambiguous language trumps Plaintiff's interpretation. They also point to a provision in the Guide that grants US Airways the ability to interpret its own contract and/or

terminate the Program entirely as evidence that dismissal is warranted.

Alternatively, Defendants ask that the Court strike Plaintiff's prayer for monetary relief. They argue that if their Motion to Dismiss is denied, Kwok and her proposed class are not entitled to monetary damages because the Guide's liability term precludes such an award.

## II. LEGAL STANDARD

A 12(b)(6) motion to dismiss challenges the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide a short and plain statement of the claim showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). When ruling on a 12(b)(6) motion, the Court construes a complaint in the light most favorable to the plaintiff and accepts all well-pled facts as true. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009).

## III. ANALYSIS

As a preliminary matter, the Court notes that both parties have attached exhibits to their briefs as support. While generally courts are confined to the allegations in a complaint when ruling

on a motion to dismiss under Rule 12, Federal Rule of Civil Procedure 10(c) provides an exception. The Seventh Circuit has interpreted this exception to encompass "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012) (citing FED. R. CIV. P. 10(c)).

Kwok's Complaint quotes language from the Guide and provides the website where such language can be found. Thus, the Court finds it appropriate to consider the printouts from the Guide's website. *See, e.g., Maxwell v. Cnty. of Cook,* No. 10 C 320, 2011 WL 4639530, at *3 (N.D. Ill. March 17, 2011). This includes Defendants' Exhibits A & B and Plaintiff's Exhibit A. The Court declines to consider any of the other exhibits as they are neither dispositive nor central to Plaintiff's claims.

**A. Defendants' Motion to Dismiss**

Defendants argue that dismissal is warranted because a plain reading of the Guide shows that they have not breached the terms of the contract. They contend that the language in the Guide that relates to the calculation of miles is unambiguous and precludes Plaintiff from asserting a breach of contract claim. Plaintiff, on the other hand, asserts that the Guide is ambiguous and states that any ambiguity should be construed against Defendants – the drafter of the contract.

Both parties agree that pursuant to the choice-of-law provision in the Guide, Arizona law governs Plaintiff's claim. To state a claim for breach of contract in Arizona, a plaintiff must allege "the existence of a contract, its breach and the resulting damages." *Thomas v. Montelucia Villas, LLC*, 302 P.3d 617, 621 (Ariz. 2013) (citations omitted).

Plaintiff has made such allegations. Her Complaint states that she entered into a contract with Defendants when she enrolled in the Dividend Miles Program. Compl. ¶ 44. It then alleges that Defendants "breached its agreement with Plaintiff and the Class by awarding miles less than the actual miles flown" and this breach caused Plaintiff and the class to suffer damages. *Id.* ¶¶ 46-47.

While Defendants argue that the Guide's unambiguous language illustrates that they are not in breach, the Court disagrees. First, Defendants' argument seems to ignore the federal notice pleading standards that govern this dispute. *See, Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 130 S. Ct. 1431, 1448 (2010) (reaffirming the long-recognized principle that "federal courts sitting in diversity apply state substantive law and federal procedural law.") (citations omitted). Federal Rule of Civil Procedure 8(a) only requires that a plaintiff to state a claim that is "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Plaintiff has done so here.

Next, the Court does not find the provision at issue unambiguous. It states that "[m]ileage credit will be calculated based upon the distance from origin to the final destination." Defs.' Ex. A at 2. ECF No. 24-1. In her Complaint, Plaintiff states that on February 14, 2013, she flew from Washington Reagan National Airport to Bradley International airport and on information and belief the distance flown (between her origin and final destination) was 398 miles. She alleges that Defendants only awarded her 313 miles. Defendants account for the discrepancy by stating that frequent flier miles are calculated by "a straight line point-to-point" distance as opposed to a particular "flight['s] route." Mem. in Supp. of Defs.' Mot. to Dismiss at 6. While it is possible that this how Defendants intended frequent flier miles to be calculated, the Guide never makes this specification and indeed includes language in another section that states that the number of miles earned is based upon "actual miles." Pl.'s Ex. A, ECF No. 27, Page ID #109. Thus, it is clear that the provision at issue can (and in fact has been) reasonably construed to have more than one meaning. Under Arizona law, this renders it ambiguous. *State ex rel. Goddard v. R.J. Reynolds Tobacco Co.*, 75 P.3d 1075, 1078 (Ariz. Ct. App. 2003). Because of this, the Court does not find dismissal appropriate. *See, Broadband Dynamics, L.L.C. v. Global Credit Network, L.L.C.*,

No. 1 CA-CV 11-0757, 2012 WL 6602392 at *3 (Ariz. Ct. App. Dec. 18, 2012).

The Court finds Defendants' arguments concerning their ability to alter the contract terms unilaterally equally unavailing. While they claim that the Guide has a provision which grants them the ability to change or discontinue all aspects of the Dividend Miles Program with or without notice, the same provision states that "members are encouraged to visit usairways.com/dm for current program updates." Defs.' Ex. A at 6, ECF NO. 24-1, Page ID# 84. Defendants' Exhibit A are pages from the aforementioned website and do not indicate any recent changes or updates in the way in which miles are calculated. *See id.* As further support, all of the cases Defendants cite for the proposition that courts have upheld similar provisions were cases that dealt with motions for summary judgment or declaratory judgment and are not binding here. None of the cases are from this Circuit or interpret Arizona law. *See*, Defs.' Reply Mem. at 4. In fact, courts in Arizona have held that, "to effectively modify a contract, whether implied-in-fact or express, there must be: (1) an offer to modify the contract, (2) assent to or acceptance of that offer, and (3) consideration." *See, e.g.*, *Demasse v. ITT Corp.*, 984 P.2d 1138, 1144 (Ariz. 1999).

Defendants fail to assert that they have satisfied such conditions and again fail to realize that at this stage in the litigation, Plaintiff does not need to prove her case or the

parties' actual contractual intent. Instead, all she needs to do is make sufficient allegations, which when taken as true, put the Defendants on notice of her claim. Plaintiff has met this burden. Accordingly, the Court denies Defendants' Motion to Dismiss.

**B. Defendants' Motion to Strike Plaintiff's Prayer for Monetary Relief**

In the alternative, Defendants ask the Court to strike Plaintiff's prayer for monetary relief. Defendants argue the Guide precludes monetary damages for frequent flier mileage disputes.

Rule 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Allegations are immaterial when they have no essential relationship to the claim and are impertinent if they are not responsive or irrelevant. *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, No. 01-C-8591, 2005 WL 843297 at *13 (N.D. Ill. Jan 20, 2005) aff'd, 541 F.3d 719 (7th Cir. 2008). When ruling on a motion to strike, the Court construes all well pled facts in the non-movant's favor. *Murphy v. Capital One Bank*, No. 08-C-801, 2008 WL 3876138 at *1 (N.D. Ill. Aug. 18, 2008).

Defendants contend that Plaintiff's prayer for monetary relief is inappropriate because the Guide has a provision that limits the awards a Dividend Miles Member can receive for mileage disputes. The provision states, "[i]f US Airways or Dividend Miles improperly

denies a member an accrual or benefit, liability will be limited to the equivalent of that accrual or benefit." Defs.' Ex. A at 7, ECF No. 24-1. Plaintiff responds that provisions of this kind have been declared invalid in Arizona if the breaching party acted "fraudulently or in bad faith." *See* Pl.'s Opp. to Defs.' Mot. to Dismiss at 8 (citing *Airfreight Express, Ltd. v. Evergreen Air Ctr., Inc.*, 158 P.3d 232, 239-40, 242 (Ariz. Ct. App. 2007)).

While Defendants argue that Plaintiff's argument fails because the Complaint does not include the words "fraud" or "bad faith," Plaintiff's overarching claim is that Defendants misled her and other Dividend Mile Members customers about how frequent flier miles would be calculated. *See,* Comp. at ¶¶ 4, 5. Throughout her Complaint, Kwok alleges that Defendants "misled and deceived millions of its members by awarding miles that are less than the actual flown miles." Compl. ¶ 32. Mindful of the fact that the Court must construe all well pled facts in the non-movant's favor, the Court here finds the allegations of deception sufficient to infer Defendants' acted in bad faith. *U.S. v. 416.81 Acres of Land*, 514 F.2d 627, 631; *see also, Southern Pacific Co. v. Schuyler*, 227 U.S. 601, 609 (1913) (equating deception with bad faith). As such, the Court declines to strike Plaintiff's prayer for monetary relief at this stage in the litigation. The Court reminds Plaintiff that ultimately she will need to prove, not

merely plead, that Defendants' acted in bad faith to receive the monetary relief she seeks.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss [ECF No. 23] is denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　United States District Court

Date: August 23, 2013